IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| WILLIAM ZARNEL SWITZER, <br><br> Plaintiff, <br><br> vs. <br><br> CROW TRIBAL COURTS, DELLA MERLENE DUST, WILLIAM DUST, JORDON CARR, and LINDA DUST, <br><br> Defendants. | CV 10-80-BLG-RFC-CSO <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter is before the Court on Plaintiff William Switzer's Motion to Proceed In Forma Pauperis (Court Doc. 1) and proposed Complaint. (Court Doc. 2).

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

Switzer has submitted the form Motion to Proceed in Forma Pauperis wherein he indicates that he is not currently employed and the only money he has received in the past twelve months is from AFDC. The Court finds this application sufficient to make the showing required by 28 U.S.C. § 1915(a). Because it appears Switzer lacks

-1-

sufficient funds to prosecute this action, the Motion to Proceed In Forma Pauperis will be granted.

The Complaint will be deemed filed as of the date that the Motion to Proceed In Forma Pauperis was filed and the proposed Complaint was delivered to the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II.  STATEMENT OF THE CASE

### A.  Parties

Plaintiff William Switzer resides in Billings, Montana.  He is a non-Indian proceeding pro se.

The named Defendants are:  the Crow Tribal Courts, Della Merlene Dust, William Dust, Jordon Carr, and Linda Dust.

### B.  Switzer's Allegations

Switzer claims he is a "United States American," and that "the Crow Tribe does not think [he] can have custody of [his] ½ Indian child." *Complaint (Court Doc. 2) at 5.*  Switzer contends that he has legal

custody of his two-year-old son and that he has had custody since his son's birth. He further alleges that, on June 21, 2010, Defendants Della Dust, William Dust, Linda Dust, and Jordan Carr physically took his son from him. *Id.* When Switzer went to the tribal court, he was told he could not have his son back. *Id.*

According to the documents attached to the Complaint, the child's mother, Della Dust, was served with a Petition for Establishment of a Permanent Parenting Plan from the Montana Thirteenth Judicial District Court in Yellowstone County on September 8, 2009, and she neither responded nor appeared in state court. *See Findings of Fact, Conclusions of Law and Final Decree Establishing Permanent Parenting Plan (Court Doc. 2-1) at 1-9.* Default was entered against Ms. Dust on June 18, 2010. *Id.* at 1. On June 30, 2010, District Judge Susan Watters signed a Final Decree Establishing a Permanent Parenting Plan. *Id.* at 9. The parenting plan was not attached to the Complaint.

On December 10, 2009, Ms. Dust filed in Crow Tribal Court an Affidavit and Motion for Temporary Custody and for Order to Show Cause ordering Mr. Switzer to appear and respond to her Petition for

Custody.  *Court Doc. 2-1 at 12-13.*  On December 14, 2009, the Crow Tribal Court issued an Order granting Temporary Custody and Order to Show Cause Ordering Mr. Switzer to appear and respond to the Petition for Custody.  *Court Doc. 2-1 at 10-11.*  That Order was served upon Mr. Switzer on June 17, 2010, at the Crow Tribal Court Front Desk.  *Court Doc. 2-1 at 14.*

Mr. Switzer asks that this federal Court take this case or oversee the case on July 9, 2010, on the Crow Indian Reservation because he does not think he will get a fair trial.  *Court Doc. 1 at 6.*

### III.  PRESCREENING

**A.  Standard**

Because Switzer is proceeding in forma pauperis, the Complaint is subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A(b) provides that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."   A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

### B. Jurisdiction

The question whether an Indian tribe has the power to compel a non-Indian person to submit to the civil jurisdiction of a tribal court is a federal question under 28 U.S.C. § 1331. *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 852 (1985). But a federal court should

not entertain a challenge to the jurisdiction of a tribal court until after a petitioner has exhausted its remedies in the tribal court. *National Farmers Union Insurance Co.*, 471 U.S. at 855-57; *Boozer v. Wilder*, 381 F.3d 931 (9th Cir. 2004) (holding that non-Indian father of child who was tribal member was required to exhaust his tribal court remedies before filing suit in federal court).

The Supreme Court has outlined four exceptions to the exhaustion rule:

> (1) when an assertion of tribal jurisdiction is "motivated by a desire to harass or is conducted in bad faith,"; (2) when the tribal court action is "patently violative of express jurisdictional prohibitions"; (3) when "exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction"; and (4) when it is 'plain' that tribal court jurisdiction is lacking, so that the exhaustion requirement 'would serve no purpose other than delay."

*Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 847 (9th Cir. 2009), citing *Nevada v. Hicks,* 533 U.S. 353 (2001). In the *White Mountain Apache Tribal Court* case, the Ninth Circuit, noting that it was "sympathetic to Plaintiff's concerns about defending her actions in an unfamiliar court", 566 F.3d at 850-51, nonetheless held that the

principles of comity required the federal courts to give the tribal courts a full opportunity to determine their own jurisdiction in the first instance.

This Court may not take over this case or oversee the case on July 9, 2010, as requested by Switzer. None of the exceptions to the requirement of exhaustion of tribal remedies appears to exist. There are no allegations that the tribal court is asserting jurisdiction in bad faith or to harass Switzer. *See Court Doc. 2.* The tribal court action is not patently violative of express jurisdictional prohibitions. "Indian tribes retain their inherent authority ... to regulate domestic relations among members ...[,]" thus requiring exhaustion here will serve more than to merely delay the proceedings.[1] *See Montana v. U.S.*, 450 U.S. 544, 564 (1981) (cited in *Hicks*, 533 U.S. at 369).

The Ninth Circuit has recently upheld dismissal of a suit by non-

---

[1] It appears that the tribal court does not possess exclusive jurisdiction of this action under the Indian Child Welfare Act because the child was not residing on the reservation, 25 U.S.C. § 1911(a). But even though tribal courts and state courts share concurrent jurisdiction when the Indian child does not reside on the reservation, Montana courts are "reluctant to suspend the tribal court's jurisdiction just because a state court may have concurrent jurisdiction ... ." *In re Marriage of Skillen*, 956 P.2d 1, 18 (Mont. 1998).

Indian father seeking custody of his Indian daughter where the father had not exhausted his tribal remedies. *Atwood v. Fort Peck Tribal Court Assiniboine and Sioux Tribes*, 513 F.3d 943, 948 (9th Cir. 2008). The Ninth Circuit noted: "Under the doctrine of exhaustion of tribal court remedies, relief may not be sought in federal court until appellate review of a pending matter in a tribal court is complete." *Id.,* citing *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987). The Court held that none of the narrow exceptions to the exhaustion rule applied.

Additionally, a tribal court hearing on this matter is already scheduled for July 9, 2010. *See Court Doc. 2 at 6.* This hearing provides Switzer with adequate opportunity to challenge the tribal court's jurisdiction and rulings. Thus, Switzer must defend his position in tribal court and exhaust any and all appeals in that jurisdiction prior to coming to this Court.

As a matter of discretion, the Court may either dismiss a non-exhausted action or stay the action while a tribal court handles the matter. *Atwood*, 513 F.3d at 948. Here, where it appears that the tribal action has not yet been fully heard and thus no tribal appeal has

been taken, it appears prudent to dismiss the action. It may be re-filed after tribal remedies are exhausted.

Accordingly, the Court issues the following:

## ORDER

1. Switzer's Motion to Proceed In Forma Pauperis (Court Doc. 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on July 2, 2010.

Further the Court issues the following,

## RECOMMENDATION

Switzer's Complaint should be **DISMISSED WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Switzer may serve and file written objections to this Findings and Recommendations within

fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

**SWITZER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO SWITZER.**

DATED this 7th day of July, 2010.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge