IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| WILLIAM ZARNEL SWITZER,<br><br>Plaintiff,<br><br>vs.<br><br>CROW TRIBAL COURT,<br>DELLA MERLENE DUST,<br>WILLIAM DUST, JORDAN<br>CARR, AND LINDA DUST,<br><br>Defendants. | CV-10-80-BLG-RFC<br><br><br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS OF<br>U.S. MAGISTRATE JUDGE |

On July 7, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends Switzer's Complaint be dismissed without prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the July 7, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.

1

1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

The question whether an Indian tribe has the power to compel a non-Indian person to submit to the civil jurisdiction of a tribal court is a federal question under 28 U.S.C. § 1331. *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 852 (1985). But a federal court should not entertain a challenge to the jurisdiction of a tribal court until after a petitioner has exhausted its remedies in the tribal court. *National Farmers Union Insurance Co.*, 471 U.S. at 855-57; *Boozer v. Wilder*, 381 F.3d 931 (9th Cir. 2004) (holding that non-Indian father of child who was tribal member was required to exhaust his tribal court remedies before filing suit in federal court).

The Supreme Court has outlined four exceptions to the exhaustion rule:

> (1) when an assertion of tribal jurisdiction is "motivated by a desire to harass or is conducted in bad faith,"; (2) when the tribal court action is "patently violative of express jurisdictional prohibitions"; (3) when "exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction"; and (4) when it is 'plain' that tribal court jurisdiction is lacking, so that the exhaustion requirement 'would serve no purpose other than delay."

*Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 847 (9th Cir. 2009), citing *Nevada v. Hicks*, 533 U.S. 353 (2001).

In this case it appears that the tribal action has not yet been fully heard and thus no tribal appeal has been taken. Switzer must defend his position in tribal court and exhaust any and all appeals in that jurisdiction prior to coming to this Court.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Switzer's Complaint is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to enter Judgment and close this matter accordingly.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 23rd day of August, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

3